**Ranjit Singh SANDHU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70813.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.[*]

Decided April 16, 2004.

Viney Gupta, Orange, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Le-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

gal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Douglas E. Ginsburg, John M. McAdams, Jr., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

MEMORANDUM **

Ranjit Singh Sandhu, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and a denial of asylum and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We review de novo constitutional due process challenges. *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We deny the petition in part and dismiss it in part.

Substantial evidence supports the IJ's adverse credibility finding because Sandhu's testimony was both internally inconsistent and inconsistent with his application. *See Malhi,* 336 F.3d at 992–93. Because the factual discrepancies went to the heart of his asylum claim, substantial evidence supports the denial of asylum. *See id.*

It follows that Sandhu did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

The IJ did not violate Sandhu's due process rights by excluding two unauthen-ticated documents pursuant to 8 C.F.R. § 287.6 because Sandhu failed to demonstrate how this exclusion affected the outcome of his proceedings. *See Ladha v. INS,* 215 F.3d 889, 904 (9th Cir.2000) (holding that to establish due process violation, alien must demonstrate that proceeding was fundamentally unfair, the alien was prevented from reasonably presenting his case, and this unfairness resulted in prejudice).

We lack jurisdiction over Sandhu's ineffective assistance of counsel and Convention Against Torture contentions, both raised for the first time on appeal, because he failed to administratively exhaust these claims with the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.